IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

FILED
NOV 21 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| SURESH GADASALLI, M.D., F.A.C.C., <br><br> Plaintiff, <br><br> VS. <br><br> J. MICHAEL STEPHANS, <br> GARY ELAM, M.D., <br> JAMES O'LEARY, <br> ECTOR COUNTY HOSPITAL DISTRICT <br> d/b/a MEDICAL CENTER HOSPITAL, <br> and other JOHN DOES <br> not known at this time, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § NO. MO-01-CV-069 |

## FIRST AMENDED AND/OR SUPPLEMENTAL PLEADINGS OF SURESH GADASALLI, M.D., F.A.C.C.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Complainant, Suresh Gadasalli, M.D., F.A.C.C., by and through his attorney of record, Gerald K. Fugit, and files this his First Amended And/Or Supplemental Pleadings, and would respectfully state to the Court as follows, to wit:

1. Pursuant to an "Order To Show Cause" filed by this Court on October 22, 2003, signed by Stephen Capelle, United States Magistrate Judge, the Complainant, Suresh Gadasalli, M.D., F.A.C.C. shall have twenty (20) days to allege a Federal cause of action.

2. Under the provisions of Rule 15, Federal Rules of Civil Procedure, this Amended And/Or Supplemental Pleadings is filed.

FIRST AMENDED AND/OR SUPPLEMENTAL
PLEADINGS OF SURESH GADASALLI, M.D., F.A.C.C.

Page 1



3.      This case was originally filed a Plaintiff's Original Petition in the 161st Judicial District Court of Ector County, Texas in cause number B-110,899, on the 14th day of March 2001. Subsequent to the original filing of this case in the 161st Judicial District Court in Ector County, Texas, this case was removed to the United States District Court, Western District of Texas, Midland/Odessa Division per request of the Defendants.

4.      Subsequent to the remanding of this case to the Federal District Court, Western District of Texas, there was filed a Complaint on July 26, 2002, but such was only marked "Received" by the District Clerk of the Federal District Court, Western District of Texas; however, it is assumed by the undersigned attorney that such was filed. The undersigned has no Order admitting such as filed.

5.      For all purposes, the "Complaint" had 1-87 numbered paragraphs. These are hereby adopted and made a part of this Amended And/Or Supplemental Pleadings by reference. The Complaint is in the Court's file.

6.      The "Plaintiff's Original Petition" filed in the 161st Judicial District Court of Ector County, Texas on the 14th day of March 2001 was removed to the Federal District Court of the Western District of Texas and it had 1-63 numbered paragraphs. These numbers are hereby adopted and made a part of this Amended And/Or Supplemental Pleadings by reference.

7.      For all practical purposes, the pleadings found in the "Plaintiff's Original Petition" and the "Complaint" are virtually the same; however, there are few variations; but there is no substantive change.

8.      For all practical purposes, this Amended And/Or Supplemental Pleadings relates back to the original filing of this case in the 161st Judicial District Court of Ector County, Texas

as well as the filing in the Federal Court, Western District of Texas, Midland/Odessa Division. All parties remain the same.

## NATURE OF ACTION

9. This action is instituted under Section 4 of the Clayton Act, 15 U.S.C.A. §15 and §16 of the Clayton Act (15 U.S.C.A. §26) to recover damages for and to obtain injunctive relief from injury by the Defendants to the business and property of the Complainant sustained by reason of the violation, by the Defendants, as alleged below, of Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C.A. §§1 and 2.

## JURISDICTION/VENUE

10. This Court has jurisdiction of the subject matter of this Amended And/Or Supplemental Pleadings under 15 U.S.C.A. §15, and 28 U.S.C.A. §1337.

11. Complainant, Suresh Gadasalli, M.D., F.A.C.C., is and was, at all times mentioned, a Cardiologist, and had/has offices in Odessa, Ector County, Texas. Complainant, Suresh Gadasalli, M.D., F.A.C.C., provides cardiac services to patients in Texas and possibly New Mexico and/or Oklahoma; he purchases a significant amount of medical supplies from sources outside Texas; he purchases a significant amount of prescription drugs outside of Texas and he purchases insurance from companies outside Texas.

12. Defendant, Ector County Hospital District d/b/a Medical Center Hospital, is a political entity organized under the laws of the State of Texas; and operates a facility in Odessa, Ector County, Texas with the purpose of providing patient care, education and research; it is directly connected with Texas Tech University Medical School.

13. Defendant, Ector County Hospital District d/b/a Medical Center Hospital is engaged in interstate commerce, in that it provides the following, to wit:

   (a) It services a significant number of patients from outside the State of Texas;

   (b) It purchases a significant amount of medical and surgical supplies from sources outside the State of Texas;

   (c) It purchases a significant amount of prescription drugs and hospital supplies from outside the State of Texas; and

   (d) It receives significant amounts in payment for its services from outside the State of Texas, including private insurance carriers and agencies of the Federal Government.

14. Defendant, J. Michael Stephens, was formerly the Chief Executive Officer of Defendant, Ector County Hospital District d/b/a Medical Center Hospital; he not is no longer associated with Ector County Hospital District d/b/a Medical Center Hospital.

15. Defendant, Gary Elam, is a medical doctor entitled to practice his profession in the State of Texas. On information and belief, it is alleged that Gary Elam, M.D. has the following:

   (a) A significant amount of individuals/patients outside the State of Texas;

   (b) He purchased medical/surgical supplies from sources outside the State of Texas;

   (c) He purchases a significant amount of prescription drugs from sources outside the State of Texas; and

   (d) He receives payment for his services from sources outside the State of Texas, including private insurance carriers and/or agencies of the Federal Government.

16. Defendant, James O'Leary, is an attorney who has in the past represented the Ector County Hospital District; and his law firm presently does represent Ector County Hospital District d/b/a Medical Center Hospital, one of the Defendants herein.

17. All Defendants transact business in this District. Thus, this Court has venue in this litigation.

## THE PARTIES

18. The Complainant, Suresh Gadasalli, M.D., F.A.C.C., is, and was at all times mentioned, a resident of Odessa, Ector County, Texas.

19. Defendant, Ector County Hospital District d/b/a Medical Center Hospital, has been described herein and does business in Odessa, Ector County, Texas.

20. Defendant, Gary Elam, is a medical doctor in Odessa, Ector County, Texas and practices his profession in Odessa, Ector County, Texas.

21. Defendant, James O'Leary, is an attorney in Odessa, Ector County, Texas and practices his profession in Odessa, Ector County, Texas.

## BACKGROUND OF CLAIMS

22. Directing the attention of this Court to the Complaint, which was received by the Federal Court, Western District of Texas, Midland/Odessa Division, on July 26, 2002, and more especially, paragraphs numbered 7 through 34, and under "Plaintiff's Original Petition", paragraphs 6 through 27, as well as the "Complaint" gives to this Court the background of the claims made herein.

23. There was an attempt on the part of the Defendants herein to drive/force from Medical Center Hospital Suresh Gadasalli, M.D., F.A.C.C. There was harassment, there were

various committees called to investigate Suresh Gadasalli, M.D., F.A.C.C.: and there was never a peer review committee assembled for the purpose of listening to any complaints of the patients of Complainant, Suresh Gadasalli, M.D. There were no patient complaints. In fact, it was an attempt on the part of the Defendants to professionally assassinate the practice of Complainant, Suresh Gadasalli, M.D., F.A.C.C. Because of the ill conceived actions of the Defendants and others, what the Defendants received was another hospital being built which took away from the finances of the Defendants. The people of Ector County, Texas are now obligated to still pay taxes. It appears the only out-of-county individuals making any money are the out-of-county lawyers.

24.     On information and belief, in furtherance of the illegal conspiracy alleged previously and hereinafter, the Defendant, Ector County Hospital District d/b/a Medical Center Hospital, along with the Chief of Staff, Gary Elam, M.D, and/or their attorney, James O'Leary, made an attempt to see to it that one of the following occurred, to wit:

(a) Suresh Gadasalli, M.D., F.A.C.C. was driven from Ector County Hospital District d/b/a Medical Center Hospital; and/or

(b) Suresh Gadasalli, M.D., F.A.C.C. was held up in disrepute among the staff of Ector County Hospital District d/b/a Medical Center Hospital; and/or

(c) Suresh Gadasalli, M.D., F.A.C.C. was, at all times, charged with certain acts which never occurred, and such alleged acts were twisted and distorted in a way that would bring about disrepute to his professional career and/or capacity.

## CAUSES OF ACTION
### I.
### BOYCOTT; PER SE ANTITRUST VIOLATION

25.     The exact date that the conspiracy of the Defendants herein commenced is not known; but in violation of §1 of the Sherman Act, 15 U.S.C.A.. §1, the Defendants combined and conspired with one another to illegally destroy the reputation, staff privileges and to hold the Complainant in contempt. There never was any complaint filed by any of the patients of Suresh Gadasalli, M.D., F.A.C.C. This seemed to be a "star chamber" approach to rid the presence of the Complainant, Suresh Gadasalli, M.D., F.A.C.C.

26.     As a result of the above-mentioned, Complainant has suffered, and will continue to suffer, extensive damages cognizable under §1 of the Sherman Act.

### II.
### UNREASONABLE RESTRAINT OF TRADE

27.     Beginning on a date unknown, in violation of §1 of the Sherman Act, 15, U.S.C.A. §1, entered into a combination and conspiracy in unreasonable restraint of trade and/or commerce in seeking to destroy the related services of Suresh Gadasalli, M.D., F.A.C.C. It was obvious the terms and the necessary and foreseeable effects would be as follows, to wit:

   (a)   The removal of Suresh Gadasalli, M.D., F.A.C.C. from the staff of Ector County Hospital District d/b/a Medical Center Hospital; and/or

   (b)   His staff privileges would be removed which would be placed in the data file of other physicians; and/or

   (c)   Damage to his reputation.

28.     As a result of the above acts, Complainant has suffered, and will continue to suffer, extensive damages cognizable under §1 of the Sherman Act.

## III.
## UNLAWFUL MONOPOLIZATION

29. Defendants entered into an agreement, combination and/or conspiracy to unlawfully prevent Complainant, Suresh Gadasalli, M.D., F.A.C.C., from continuing to practice his profession at Ector County Hospital District d/b/a Medical Center Hospital; thereby preventing Complainant, Suresh Gadasalli, M.D., F.A.C.C., from providing services to prospective patient in the Midland/Odessa area in violation of §2 of the Sherman Act, 15 U.S.C.A., §2.

30. The purpose and effect of the Defendants' activities have been and will be to unreasonably restrain interstate trade and competition in the line of commerce, the provision of cardiac and related services, in the market described above.

31. Defendants' activities have substantially lessened competition in the following respects, to wit:

    (a) Complainant, Suresh Gadasalli, M.D., F.A.C.C., has lost numerous patients which Complainant would have secured by virtue of his practicing at the site of Ector County Hospital District d/b/a Medical Center Hospital; and

    (b) Brought in cardiac physicians are given Complainant's future patients to only those physicians in the hospital (Ector County Hospital District d/b/a Medical Center Hospital).

32. The described conspiracy in restraint of trade is a violation of §2 of the Sherman Antitrust Act, 15, U.S.C.A., §2.

33. As a result of the above acts, Complainant has suffered, and will continue to suffer, extensive damages cognizable under §2 of the Sherman Act.

FIRST AMENDED AND/OR SUPPLEMENTAL
PLEADINGS OF SURESH GADASALLI, M.D., F.A.C.C.                                                              Page 8

34. Complainant, Suresh Gadasallui, M.D., F.A.C.C., further asserts a right under 42 U.S.C.A. §1983, which is generally known as a Civil Action For The Deprivation Of Rights.

35. Complainant, Suresh Gadasalli, M.D. hereby incorporates herein and adopts the "Plaintiff's Original Petition", "Complaint" and Amended And/Or Supplemental Pleadings Of Suresh Gadasalli, M.D., F.A.C.C.. Further, Complainant adopts by reference all damages set forth.

36. WHEREFORE, PREMISES CONSIDERED, Complainant, Suresh Gadasalli, M.D., F.A.C.C., respectfully requests that this Court:

    (a) Issue an Order restraining and enjoining the Defendants in their individual and official capacities from denying active medical staff privileges to Complainant, Suresh Gadasalli, M.D., F.A.C.C.

    (b) Issue an Order restraining and enjoining Ector County Hospital District d/b/a Medical Center Hospital and the individual Defendants in their individual official capacities from attempting to discourage and/or prevent Complainant, Suresh Gadasalli, M.D. and/or his clinic from performing services on the premises of Ector County Hospital District d/b/a Medical Center Hospital;

    (c) Award damages to the Complainant, Suresh Gadasalli, M.D., F.A.C.C., and triple them as a result of Defendants' violations of the Sherman Act, together with costs and attorney's fees;

    (d) Award any damages under the provision of 42 U.S.C.A. §1983, which will include emotional distress, physical pain, deprivation of income and attorney's fees;

    (e) Award Complainant, Suresh Gadasalli, M.D., F.A.C.C., costs and expenses of this litigation, including reasonable attorney's fees;

    (f) Allow Complainant, Suresh Gadasalli, M.D., F.A.C.C., to plead before a Jury; and

FIRST AMENDED AND/OR SUPPLEMENTAL
PLEADINGS OF SURESH GADASALLI, M.D., F.A.C.C.

Page 9

(g)   Grant Complainant, Suresh Gadasalli, M.D., F.A.C.C., such other and further relief as may be just and appropriate.

Respectfully submitted,

*Gerald Fugit*
Gerald K. Fugit

GERALD K. FUGIT, P.C.
Attorney at Law
412 North Texas Avenue
Odessa, Texas 79761
Tel: (432) 332-1661
Fax: (432) 335-0003
State Bar No. 07501000

ATTORNEY FOR COMPLAINANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2003, a true and correct copy of the foregoing instrument was forwarded to the following:

**Certified Mail/Return Receipt Requested**
Richard G. Munzinger
Attorney at Law
Scott, Hulse, Marshall, Feuille,
Finger & Thurmond, P.C.
1100 Chase Tower
201 East Main Drive
El Paso, Texas 79901

**Regular Mail**
Michael B. McKinney
Attorney at Law
Stubbeman, McRae, Sealy,
Laughlin & Browder, Inc.
Fasken Center - Tower Two
550 West Texas Avenue
Midland, Texas 79702

*Gerald Fugit*
Gerald K. Fugit